UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NOLAN C. DAVIS, SR.** | : | **CIVIL ACTION   NO. 13-cv-1040** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **ALLEN CORRECTIONAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

Consolidated With

| | | |
|---|---|---|
| **NOLAN C. DAVIS, SR.** | : | **CIVIL ACTION   NO. 13-cv-1267** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **SELTON MANUEL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the consolidated civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Nolan C. Davis, Sr. (hereafter, "Davis").[1]  Davis is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is incarcerated at Allen Correctional Center (hereafter, "ALC") in Kinder, Louisiana.  Davis names the following as defendants in this matter:  ALC;[2] the GEO Group, Inc.; ALC Warden Terry Terrell; ALC Assistant Warden Keith Cooley; ALC Captains Langley and Trahan; ALC food service manager Selton Manuel; and ALC assistant food service manager E. Hall.

---

[1] Davis filed Civil Action No. 2:13-cv-01040 on May 13, 2013.  Doc. 1.  That action was consolidated with 2:13-cv-01267 on June 13, 2013.  Doc. 12.  The citations to the record contained in this report and recommendation are to Civil Action No. 2:13-cv-01040.

[2] In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La.1988); *see also* FED. R. CIV. P. 17(b); LA. CIV. CODE ANN. art. 24.  Therefore, ALC is an improper defendant in this matter and would be dismissed under any event, a point that need not be addressed in the body of this complaint given the recommended total disposition of all claims as set forth below.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.[3] For the following reasons, it is recommended that this action be **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

Davis advances numerous claims about the food quality at ALC, most of which concern the service of allegedly rotten sausage. Davis states that defendants Manuel and Hall prepared and served him spoiled sausage (or food prepared with spoiled sausage) on at least seven different occasions when he was under administrative segregation. He claims that when spoiled sausage is served, he cannot eat at all because the spoiled sausage "contaminates" his entire tray. Doc. 4, p. 6.

Davis states that he filed several inmate requests concerning the inedible food to no avail. *Id.* at 7. He contends that no spoiled food was served after he filed an administrative grievance but then the rotten food service recommenced about one week later. *Id.* Similarly, Davis states that he was not served spoiled food for a few months after he filed the instant complaint but he was again served "old outdated breakfast sausage that had a bad taste and shrivel [sic] up with bad discoloration." Doc. 23, p. 1. Davis contends that the lack of edible food caused him dizzy spells, problems with his blood pressure, and a weight loss of 13 pounds. Doc. 4, p. 11. He also claims the spoiled sausage prevented him from receiving the proper nutrition in accordance with his medical diet. *Id.* at 9–10. He argues that this deprivation of food violates his rights under the Eighth Amendment against cruel and unusual punishment, and that defendants' actions were also negligent under Louisiana law. Doc. 10, p. 2.

---

[3] The undersigned notes that on August 2, 2013, the Fifth Circuit Court of Appeals sanctioned Davis from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *See Davis v. Michot*, No. 13-30132, Doc. 28 (5th Cir. 8/2/2013). Insofar as Davis filed the consolidated actions prior to being sanctioned, these matters are proceeding in standard course.

In a separate series of allegations, Davis contends that there are unsanitary conditions in ALC's kitchen. Doc. 4, p. 8. He states that many of ALC's food service trays have mold in the corners and have a sour smell. *Id.* He also states that the inmates who operate the dishwashers do not properly allow the food trays to dry, causing the trays to fill up with water when they are stacked. Doc. 17, p. 1.

Finally, in his fifth amended complaint, Davis states his "firm conviction" that his legal mail is being opened outside of his presence. Doc. 26, p. 3. The basis for this contention is that defendants had to be aware of the contents of his legal mail because they have corrected every problem mentioned in his complaints after he filed them which Davis considers a "very big coincidence." *Id*. at 2.

As relief for the above, Davis seeks a declaratory that the service of spoiled sausage violated his Eighth-Amendment rights. Doc. 4, pp. 14–15. He also seeks an injunction ordering the GEO Group to "immediately arrange for a medically certified dietician to run the kitchen." *Id.* at 15. Finally, he seeks monetary relief in the form of compensatory and punitive damages. *Id.* at 15–16.

## II. LAW & ANALYSIS

### A.  Legal Standards

#### 1.  *Screening*

Davis has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C.1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A

complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); Bradley, 157 F.3d at 1025 (failure to state a claim).

### 2. *42 U.S.C. § 1983*

Federal law provides relief against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  The initial question in a § 1983 claim is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim.  In order to hold the defendants liable, plaintiff must allege facts to show (1) a constitutional right has been violated; and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

For the reasons stated herein, accepting all of Davis's allegations as true and giving him the benefit of every doubt, the undersigned concludes that the complaint fails to state a claim upon which relief may be granted and is frivolous as a matter of law.  Therefore, the complaint should be dismissed with prejudice.

**B.** **Analysis**

*1.* *Spoiled Sausage*

In the present case, Davis contends that he suffered health problems as a result of contaminated food prepared and served by defendants Manuel and Hall, in violation of his Eighth-Amendment rights.

The deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment if it denies an inmate the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In order to prevail on such a claim a plaintiff must prove that the defendants acted with deliberate indifference to his needs. *Wilson*, 501 U.S. at 302–304.

Deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. *Id*. In other words, a civil rights plaintiff must allege and prove that each named defendant knew of and then disregarded an excessive risk of injury to him, and that they were both aware of the facts from which the inference of a substantial risk could be drawn, and that they in fact drew that inference. *Id.* at 837; *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference must be shown as to every named defendant). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Here Davis has offered nothing other than his conclusory statement that his sausage was spoiled. Even accepting all of Davis's allegations as true, there is simply no indication that anyone at ALC deliberately denied him the minimal civilized measure of life's necessities. The

fact that Davis thought his sausage tasted terrible does not warrant even the slightest inference that the sausage made any of the other food on his plate unsafe to eat, much less the inference that ALC officials deliberately served him rancid meat.  Accordingly, Davis's complaint lacks an arguable basis in law or fact, and his spoiled-sausage claims should be dismissed as frivolous.

### 2. *Unsanitary Kitchen Practices*

Davis alleges that there are unsanitary conditions in ALC's kitchen, including serving trays that have mold in the corners.  He claims that this situation constitutes an unconstitutional condition of confinement.

Again, Davis must establish that the conditions of confinement were sufficiently harmful to evidence deliberate indifference to his needs. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)) (internal citation omitted).  The Eighth Amendment imposes a duty on prison officials to provide "humane" conditions of confinement, *i.e.* prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (internal quotation and citations omitted).

To the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Rhodes*, 452 U.S. at 347. However, "when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Rhodes*, 452 U.S. at 347).

Davis's complaints regarding unsanitary nature of ALC's kitchen do not rise to the level of an Eighth-Amendment violation. Even accepting Davis's conclusory statements as true, the undersigned does not consider the failure to provide meticulously clean and dry food-service trays to constitute cruel and unusual punishment. Stated differently, the allegations contained in Davis's are not of such a nature to implicate the constitution. Accordingly, these claims should be dismissed as frivolous as lacking any basis in fact or in law.

### 3.    *Negligence Claims*

In this case, Davis alleges that the negligent actions of the defendants caused him harm.

Claims to recover damages for personal injuries resulting from the alleged negligence of defendants are not cognizable under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 346–47 (1986). Davis's negligence claims may only be redressed under the general tort provisions of Louisiana law as negligence claims. *See* LA. CIV. CODE art. 2315.

Accordingly, to the extent that Davis seeks tort remedies based on negligence, he has failed to state a claim for which relief may be granted.

### 4.    *Interference with Mail*

Davis alleges that defendants have interfered with his legal mail.

Interference with a prisoner's legal mail may violate a prisoner's right of access to the courts and may also violate a prisoner's right to free speech. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir.1993). However Davis's complaint, even when liberally construed, fails to allege a claim under either constitutional theory. Davis does not allege that he was prejudiced in any way in a legal proceeding because of interference with his mail nor has he demonstrated that defendants' alleged actions hindered his ability to pursue a legal claim. As such, Davis cannot raise a claim of denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349–51 (1996)

(stating that an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct).  Accordingly, his mail claims should be dismissed for failing to state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that Davis's consolidated civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have 14 business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 2nd day of April, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE